IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:05CR3016-2 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| PHYLANDRIA D. WATFORD, | ) | |
| | ) | |
| Defendant. | ) | |

    I am not satisfied that the defendant has admitted enough facts to make her guilty of misprision of a felony even though Judge Piester recommends I accept her guilty plea. It appears that the underlying crime had been completed and the police knew about that crime at the time the defendant is alleged to have committed the misprision of a felony. In fact, the defendant does not appear to have known about the cocaine until the police told her about it. (See, for example, Mr. Oursland's statement at pages 27 and 28 of the plea-taking transcript (filing 84).)

    If the defendant simply failed to cooperate with the police once the crime had been discovered and she did not know of or suspect the existence of a controlled substance in the package until the police told her about it, I wonder whether there are cases that would allow the defendant to be found guilty of misprision of a felony under such circumstances. I want to know more, both factually and legally.

    Accordingly,

    IT IS ORDERED that:

    1.    The report and recommendation (filing 75) is held in abeyance.

    2.    Counsel for both parties and the defendant shall appear before me on Thursday, April 6, 2006, at 12:00 noon, in order that I might inquire further of

      the defendant as to the factual basis for the guilty plea.

3.     Each of the lawyers should carefully research this matter and submit a brief one day before the hearing.

March 9, 2006.                       BY THE COURT:

                                                   s/ *Richard G. Kopf*
                                                   United States District Judge