IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:05CR3016-2 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| PHYLANDRIA D. WATFORD, | ) | |
| | ) | |
| Defendant. | ) | |

    I held a hearing on April 6, 2006 to inquire further into the factual basis of the guilty plea. Based upon unusual facts, the defendant has attempted to enter a guilty plea to misprision of a felony. After an extended inquiry, it appears that the defendant will admit that the element of concealment necessary to proof of the crime of misprision exists *only if* her silence is sufficient. It appears that the defendant remained silent in response to law enforcement questioning *after* the police had her in custody and *after* they had apprised her that the package she signed for contained a controlled substance.[1] Seemingly, the defendant's Fifth Amendment privilege against incrimination would insulate her from the consequences of her silence.[2] Therefore, I am not convinced that there is an acceptable factual basis for the guilty plea.[3]

    Accordingly,

    IT IS ORDERED that:

---

[1] The defendant will not admit that she knew the package contained a controlled substance until the police told her.

[2] To be clear, however, I do not resolve the Fifth Amendment question. I am simply reluctant to accept the guilty plea given this ambiguity.

[3] If the defendant wishes to explicitly waive her Fifth Amendment right with respect to her post-custody silence or the parties wish to enter into a so-called <u>Alford</u> plea or the parties wish to attempt some other plea deal, I will be pleased to consider a new petition. That, of course, is up to them.

-2-

(1) The report and recommendation (filing 75) is rejected;

(2) This matter is referred to Judge Piester for progression;

(3) With the agreement of the parties, the time between April 6, 2006 and May 7, 2006 is excluded for computation purposes under the Speedy Trial Act in the interests of justice.  See 18 U.S.C. § 3161(h)(1)(I)& (h)(8)(A)(B).

April 6, 2006.                    BY THE COURT:

                                            s/ *Richard G. Kopf*
                                            United States District Judge